**STANLEY GURR and PETER GURR, Plaintiffs**

**v.**

**BERNARD GURR and TASI SUALI`I, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 08-97

May 5, 1997

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and ATIULAGI, Associate Judge. ·

Counsel:  For Plaintiffs, Charles V. Ala`ilima and Marie A. Lafaele
For Defendants, Malaetasi Togafau

# PRELIMINARY INJUNCTION

Plaintiffs Stanley Gurr ("Stanley") and Peter Gurr ("Peter") applied for a preliminary injunction against defendants Bernard Gurr ("Bernard") and Tasi Suali`i ("Tasi") to enjoin certain activities on the land known as "Maloata" in American Samoa ("the land") during the pendency of this action. The court heard the application on May 1, 1997. The parties were personally present with their counsel.

## Discussion

The land is registered with the Territorial Registrar of American Samoa as owned in "fee simple" by the "Heirs of Edwin William Gurr and Fanua Eleitano Gurr" ("heirs"). Stanley, Peter, and Bernard are among these heirs. Tasi is not a family member and has no title interest in the land.

The heirs who are actively concerned about activities on the land must, as matter of family policy, approve significant uses of the land. Bernard and Tasi have engaged, and continue to engage, in such uses without this approval.

Bernard removes sand and other material, which threatens erosion of the beach and Stanley's beach house. He also excavates a mountainside for a road to his plantation and cuts down rain forest. These removal and excavation activities were done without required government permits. More immediately important, they lastingly alter and diminish the resources of the land.

Bernard and Tasi are partners in cattle operations on the land. The cattle are kept within a fenced area encompassing a large portion of the land, but often roam freely beyond the fenced area and have damaged Stanley's farm and Peter's plants. The presence of cattle and their excretion outside the fenced area makes other areas within the land uncomfortable to use. Tasi also removes agricultural products and timber from the land.

Stanley, Peter, and other family members requested Bernard to terminate these activities, but Bernard has refused to do so. The situation between Stanley and Peter, on one hand, and Bernard, on the other, has escalated to open hostility and potential violence.

Clearly, these activities on the land by Bernard and Tasi have caused, and will continue to cause, great or irreparable injury to Stanley and Peter, while this action is pending, and demonstrate a substantial likelihood that Stanley and Peter will prevail at the trial on the merits.

## Order

During the pendency of this action, or until Stanley, Peter and other heirs actively concerned about activities on the land approve the uses listed below, or until further order of this court:

1. Bernard, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are enjoined from removing any sand or other natural materials from the beach or elsewhere, excavating for and constructing any road, and cutting or otherwise damaging any rain forest on the land;

2. Bernard and Tasi, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are enjoined from engaging in any cattle operations on, and shall remove all cattle from, the land;

3. Tasi, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are enjoined from removing agricultural products or timber from the land, using the land in any other manner, and entering the land.

■ Pursuant to T.C.R.C.P. Rule 65(a)(1), the evidence received during the hearing on this application for a preliminary injunction which is admissible at the trial on the merits shall be part of the record of the trial and need not be repeated at the trial.

It is so Ordered.